386 So.2d 176 (1980)
Joseph A. COURVILLE, Sr., et al., Plaintiffs-Appellees,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. et al., Defendants-Appellants.
No. 7706.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1980.
Writ Granted September 26, 1980.
McBride & Brewster, Norman P. Foret, Lafayette, for defendants-appellants.
Morrow & Morrow, Patrick C. Morrow, Opelousas, for plaintiffs-appellees.
Richard B. Millspaugh, Opelousas, for defendant-appellee.
Before GUIDRY, DOUCET and LABORDE, JJ.
*177 LABORDE, Judge.
This appeal is in a suit for personal injuries. Plaintiffs filed suit to recover damages for medical expenses, pain and suffering and property damage caused by an automobile accident which occurred late at night on February 12, 1978 in St. Landry Parish, Louisiana. On the date of the accident, plaintiff Joseph Arthur Courville, Jr. was driving his father's 1964 GMC pickup truck. Young Courville was a major child living with his parents. Plaintiffs sued Danny P. Richard, the driver of the other vehicle, the driver's father and State Farm Mutual Automobile Insurance Company (State Farm), the insurance company that had contracted with plaintiff's father to insure him and members of his household against damages caused by an uninsured motorist. The plaintiffs sought recovery against the insurance company on two policies, one covering the GMC pickup truck and the second covering another vehicle (1968 Oldsmobile) owned by his father; i. e., plaintiffs sought to "stack" the uninsured motorist coverage.
Defendant, State Farm, filed a third party demand against young Richard and his father for amounts for which it might be held liable.
State Farm filed a motion for summary judgment denying that plaintiffs were entitled to "stack" the limits of the two policies. The trial judge denied the motion, but withheld a final ruling on the issue until after trial on the merits.
At the trial on the merits, the defendants stipulated to their liability and to property damage in the amount of $830.50. The only question given to the jury was damages due Joseph Arthur Courville, Jr. The jury returned a verdict in favor of young Courville for $30,000. The judge ruled that plaintiffs could stack the $10,000 limits of the two policies, resulting in State Farm being cast in judgment for $20,000.
From the judgment, State Farm appeals urging that the trial judge or jury erred as follows:
1. denying State Farm's motion for summary judgment;
2. showing the insurance policies to the jury at the outset of the trial and before finally ruling on the motion for summary judgment;
3. failing to grant State Farm judgment on its third party demand; and,
4. granting the plaintiffs recovery in excess of what they were entitled to recover.
As appellant notes in its brief, the main issue is whether plaintiffs can "stack" uninsured motorist coverage under two policies issued to them by State Farm. A brief chronological review is necessary here. The policy on the GMC truck driven by plaintiff was issued December 15, 1970 and renewed every six months. The policy was amended to increase the limits of uninsured motorist coverage to $10,000 per person and $20,000 per accident on December 15, 1974. The policy on the second Courville vehicle (Oldsmobile) was issued July 19, 1973 and renewed every six months. It was similarly amended on January 14, 1975. Act 623 of 1977 amended LSA-R.S. 22:1406(D)(1)(c), relative to uninsured motorist insurance, to prohibit stacking except under certain designated circumstances. The Act became effective on September 9, 1977. The accident occurred on February 12, 1978.
We have consistently held that a substantive amendment such as this amendment has no retroactive effect on existing insurance contracts. O'Banion v. Allstate Insurance Co., 347 So.2d 878 (La.App. 3rd Cir. 1977); Ryder v. Trisler, 367 So.2d 1257 (La. App. 3rd Cir. 1979); Manuel v. American Indemnity Co., 368 So.2d 1200 (La.App. 3rd Cir. 1979).
However, in the instant case, we find that a new contract of insurance was issued subsequent to the effective date of the Act. We arrive at this holding by looking to the policy itself which is issued for a policy term of six months and is renewed for subsequent six month periods unless the insurer or insured decides not to renew the policy. Since there is no absolute right to insurance beyond six months, the initial insurance contract is limited to that term and *178 each subsequent renewal is a separate contract, even though a new policy is not issued. Fontenot v. State Farm Mutual Insurance Company, 119 So.2d 588 (La.App. 1st Cir. 1960).
LSA-R.S. 22:623 requires insurance contracts to contain such standard provisions as are found in the Insurance Code, i. e., LSA-R.S. 22:1406(D)(1)(c). Therefore, the Act is applicable herein. The pertinent language is as follows:
(c) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(1), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, the following priorities of recovery under uninsured motorist coverage shall apply:
(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.
The trial judge held that plaintiff was an occupant of the vehicle and therefore came within the exception in LSA-R.S. 22:1406(D)(1)(c). The difficulty arises due to the qualifying language of the exception that
(w)ith respect to bodily injury to an injured party while occupying an automobile not owned by said injured party.... (Emphasis added)
Plaintiff, Joseph Arthur Courville, Jr. while an insured under the policy covering the vehicle he was occupying when injured, did not own the vehicle. Is plaintiff an insured or should he be considered an occupant of a non-owned vehicle so as to treat the insurance on the GMC truck as primary and the policy on the Oldsmobile as excess and permit recovery under both?
We recognize, as did the trial judge, that a literal reading of the provisions of the second paragraph of LSA-R.S. 22:1406(D)(1)(c) suggests the result reached by the trial court. However, when the provisions of LSA-R.S. 22:1406(D)(1)(c) are read together and in pari materia it is unclear whether such statutory provision authorizes or prohibits stacking under the facts of the instant case.
The second paragraph, which authorizes limited stacking, addresses itself to the situation where an injured party occupying a vehicle not owned by said party has uninsured motorist coverage available to him other than that being carried on the vehicle in which said party is an occupant. But where the named insured on the uninsured motorist policy insuring the occupied vehicle is also the named insured of the only other uninsured motorist insurance available to the occupant, then stacking would presumably be unavailable under the first paragraph of LSA-R.S. 22:1406(D)(1)(c).
We conclude for the above reasons that application of the provisions of LSA-R.S. 22:1406(D)(1)(c), under the particular facts and circumstances of this case, is ambiguous and therefore we must endeavor to construe these provisions to reflect the intention of the legislature. In doing so we are mindful of the familiar rule of statutory construction that the general purpose and object of the law must be kept in mind and the statute given such a fair and reasonable interpretation as will effect the purpose and object for which it was enacted. See J. M. Brown Construction Company v. D & M *179 Mechanical Contractors, Inc., 275 So.2d 401 (La.1973).
The obvious intent of the Legislature in enacting the provision of LSA-R.S. 22:1406(D)(1)(c) was to limit those instances where stacking is available. Clearly, the exceptions which allow stacking set forth in the statute were intended to allow as excess coverage that insurance available to an injured occupant from sources other than the owner of the insured vehicle which he was occupying. This appears to be so because it would be a legal absurdity to permit double recovery by an occupant by stacking two policies of insurance provided by the insured owner when the insurance owner, who provided the insurance, would be limited to recovery under only one policy. We therefore conclude that when the injured non-owner occupant is an insured under a policy covering the occupied vehicle as well as under another uninsured motorist policy, where both policies are owned by the owner of the occupied vehicle as in the instant suit, then no excess coverage is available as stacking is proscribed under the first paragraph of LSA-R.S. 22:1406(D)(1)(c).
Uninsured motorist coverage covers an insured in limits which he chooses. The limits he chooses are applicable to both himself and other insureds such as members of his family and, therefore, he chooses the limits he desires for them. The concept we find in the exception in LSA-R.S. 22:1406(D)(1)(c) is that plaintiff should be able to avail himself of insurance protection against the risk of injury from an impecunious tortfeasor in amounts which he or his relative has chosen.
In this case, plaintiff need not resort to the exception to avail himself of uninsured motorist coverage in limits which he or his relative has chosen.
Clearly, the situation presented here is exactly what the legislature sought to prohibit. Therefore, we hold plaintiff is unable to "stack" the two policies and increase his recovery against State Farm.
Appellant's specification that it was error to show both policies to the jury before finally ruling on the motion for summary judgment suggests that they were influenced in their award. Since we treat quantum in response to appellant's specification number four, we will defer that discussion. We would note that both policies were introduced as evidence and, therefore could be exhibited to the jury.
Appellant's third specification of error related to its third party demand. We believe the denial of the third party demand is correct under the rule expressed in Niemann v. Travelers Insurance Co., 368 So.2d 1003 (La.1979). Therefore, there is no error.
Appellant claims that $30,000 is an excessive award for plaintiff's injuries (fracture of right tibial plateau and laceration of left eyebrow) which necessitated wearing of a cast on his leg for six weeks and caused a 12% disability of the right knee. We do not feel it is an abuse of discretion based on our careful review of the record. The award should not be disturbed. See Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976) and Reck v. Stevens, 373 So.2d 498 (La.1979).
For the foregoing reasons, the judgment of the trial court is amended to reduce the judgment against State Farm to $10,000 and is affirmed as amended. Costs of this appeal are assessed in equal shares to appellant and appellee.
AMENDED AND AFFIRMED.