CULPEPPER, Judge.
Bobby R. Nall seeks damages for personal injuries to his minor son, Ricky Lane Nall, sustained in a collision between two automobiles. Named as defendants are (1) Government Employees Insurance Company (GEICO), the liability insurer of the automobile in which Ricky was a guest passenger, and (2) State Farm Mutual Automobile Insurance Company (State Farm), which carried uninsured motorist coverages on two vehicles owned by plaintiff. The plaintiff has perfected this appeal from a judgment of the trial court rejecting his demands to stack uninsured motorist coverages.
The facts were stipulated by all parties: On September 15, 1979, Ricky Lane Nall was seriously injured while riding as a guest passenger in an automobile owned by James D. Ruby, Sr. and being operated by James D. Ruby, Jr. The injuries justify an award in excess of the amounts already paid and those claimed from the two insurers. The accident was caused by the negligence of James D. Ruby, Jr. At the time of the accident, GEICO had in effect an automobile liability policy issued to James D. Ruby, Sr. covering the automobile in which Ricky was a passenger. GEICO’s policy, issued on December 4, 1978, provided for medical payments coverage in the amount of $2,000, bodily injury liability coverage in the amount of $10,000 per person, and uninsured motorist coverage in the amount of $10,000 per person. State Farm had in effect two separate policies issued to Bobby R. Nall covering two different automobiles, one issued on January 5,1979, and the other on August 27, 1979. Each State Farm policy provides uninsured motorist coverage in the amount of $5,000 per person available to Ricky.
GEICO paid the plaintiff the amount of $2,000 under its medical payments coverage and $10,000 under its bodily injury liability coverage. State Farm paid the plaintiff $5,000 under the uninsured motorist coverage of one of its policies. The plaintiff filed this suit seeking an additional $10,000 under GEICO’s uninsured motorist coverage and an additional $5,000 under the uninsured motorist coverage of the other State Farm policy. The trial court rendered judgment in favor of State Farm and GEI-CO, rejecting the plaintiff’s demands. Plaintiff appealed.
The issues on appeal are: (1) Is GEICO liable under both the liability and the uninsured motorist coverages of its policy? (2) Can plaintiff “stack” the uninsured motorist coverages of the two State Farm policies?
Plaintiff contends he can recover under GEICO’s uninsured motorist coverage because GEICO’s liability coverage is insufficient to fully compensate the plaintiff, thus making James D. Ruby, Jr. an uninsured motorist. We disagree. This issue was confronted by the Supreme Court in Breaux v. Government Employees Insurance Company, 369 So.2d 1335 (La.1979), which involved the same policy provisions as the present case. The court in Breaux held that language in the GEICO policy prohibiting an injured party from recovering under both its liability coverage and its uninsured motorist coverage is not contrary to law and thus is enforceable.
The plaintiff has attempted to distinguish Breaux from the instant case. He contends that this Court’s decision in Guillot v. Travelers Indemnity Company, 338 So.2d 334 (La.App. 3rd Cir. 1976), writ refused, 341 So.2d 408 (La.1977) is controlling. However, in Coco v. Allstate Insurance Company, 391 So.2d 50 (La.App. 3rd Cir. 1980), this Court held that Breaux, supra, impliedly *203 overruled Guillot. The plaintiff in Coco, supra, as in the instant case, attempted to recover against the host driver under both the liability and the uninsured motorist coverages of an automobile insurance policy. This Court, following Breaux, supra, held that an injured party cannot recover against his host driver under both the liability and the uninsured motorist coverages. In light of the Breaux and Coco cases, we find the trial court correctly held plaintiff’s recovery from GEICO is limited to the policy’s liability coverage, and that the plaintiff cannot recover from GEICO under its uninsured motorist coverage.
In a supplemental brief, plaintiff argues Breaux is also distinguished from the present case because in Breaux the sole cause of the accident was the negligence of the host driver, whereas here the stipulated facts do not state Ruby’s negligence was the “sole cause.” In our view the rationale of Breaux applies whether the negligence of the host driver was the sole cause or only a contributing cause of the accident.
Plaintiff also contends he is entitled to stack the uninsured motorist coverages of both State Farm policies. The most recent case on stacking is Courville v. State Farm Mutual Automobile Insurance Company, 386 So.2d 176 (La.App. 3rd Cir. 1980). In that case, the plaintiff, while driving his father’s truck, was injured in a collision with another vehicle caused solely by the negligence of the other driver. Plaintiff sought to “stack” the uninsured motorist coverages of two separate State Farm policies issued to his father, one covering the truck driven by plaintiff and the other covering another vehicle owned by the father. This Court held the intent of the legislature in enacting the provisions of LSA-R.S. 22:1406(D)(l)(e) was to limit those instances where “stacking” is available, and that the situation presented was one which the legislature sought to cover. Thus, our Court concluded the plaintiff was unable to “stack” the uninsured motorist coverages of the two State Farm policies. The Supreme Court granted writs and reversed, 393 So.2d 703, rendered January 26, 1981. The Court construed R.S. 22:1406(D)(l)(c) as follows:
“Nevertheless, turning to that amended Act and applying it to the present situation, we must disagree with the Third Circuit. In pertinent part, the Act is as follows:
“ ‘(c) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(l), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
“ ‘With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, the following priorities of recovery under uninsured motorist coverage shall apply: “ ‘(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
“ ‘(ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.’ (Emphasis added).
“Both the trial judge and the Third Circuit recognized that a literal reading of R.S. 22:1406(D)(l)(c) would allow the plaintiffs to stack in this situation. Using the second paragraph of the Act: the injured party, Joseph A. Courville, Jr., was occupying an automobile not owned by him; the uninsured motorist policy on the GMC pickup truck in which Joseph A. Courville, Jr. was an occupant is primary; *204 and, since the primary uninsured motorist coverage is exhausted due to the extent of the damages ($30,000), Joseph A. Cour-ville, Jr. may recover as excess from other uninsured motorist coverage available to him, namely, the policy on the 1968 Oldsmobile.
“While the first paragraph of the Act provides the general rule that an insured who has insurance available to him under more than one uninsured motorist policy may not stack, that paragraph is followed by the exception that this plaintiff finds himself within; for under the second paragraph of the Act, Joseph A. Cour-ville, Jr. may stack as he was an occupant of a vehicle which he did not own when he was injured.
“The Third Circuit Court of Appeal felt the Act was ambiguous as applied to these facts; therefore, they endeavor to ascertain the intent of the legislature. We do not deem such a journey necessary.”
“According to Louisiana Civil Code art. 13:
“ ‘When a law is clear and free from all ambiguity, the letter of it is not to be disregarded, under the pretext of pursuing its spirit.’
“The letter of the Act which allows Joseph A. Courville, Jr. to stack these two policies may not be disregarded simply because of some notion that the legislature’s spirit behind the above statute is to prevent stacking in situations such as this. Of course, if that is the true spirit, then the legislature should amend the Act by providing in the second paragraph that an insured may not stack even if he is an occupant and a non-owner of the vehicle in which he is injured. For the present, a strict reading of the entire Act allows this plaintiff to recover.”
Courville is distinguished from the present case on the facts. One of the two policies in Courville covered the vehicle in which the plaintiff was an occupant, and the other policy covered another vehicle. In the present case neither of the State Farm policies which provide uninsured motorist coverage to the plaintiff covers the vehicle in which the plaintiff was an occupant. Therefore, unlike Courville, there is no primary coverage as provided in R.S. 22:1406(D)(l)(c)(i), quoted above.
A reading of the above quoted portion of the Supreme Court opinion in Courville shows that the holding is limited strictly to the particular facts where (1) the injured party is occupying an automobile not owned by him, (2) there is uninsured motorist coverage on the vehicle in which the injured party was an occupant, and (3) there is also available to plaintiff uninsured motorist coverage on another vehicle. In the present case, the second of these requirements is missing. The result is that this case is controlled by the general rule stated in subparagraph (c) quoted above, that an insured who has uninsured motorist coverage available to him under more than one policy may not stack. The exception to this general rule, applied in Courville, does not apply to the present case.
Plaintiff also argues that State Farm waived the benefit of the anti-stacking statute by issuing to plaintiff two separate policies providing uninsured motorist coverages and by tacking to each policy an endorsement entitled “6273N Uninsured Motorist Insurance Amendment (Louisiana)”. This amendment reads as follows:
“It is agreed that, with respect to Uninsured Motorists Insurance:
“1. (a) The definition of ‘uninsured motor vehicle’ and ‘uninsured highway vehicle’ shall also include an automobile for which the owner or operator has a bodily injury liability bond or insurance policy applicable at the time of the accident but the limits of such bond or policy are insufficient to pay the full amount the insured is legally entitled to recover for damages because of bodily injury caused by the accident;
(b) in the event the owner or operator has such a bodily injury liability bond or insurance policy applicable to the accident, this insurance shall apply as excess insurance over such liability bond or insurance policy, up to the amount the in *205 sured is legally entitled to recover for damages because of bodily injury caused by the accident subject to the limits specified for this insurance.
“2. (a) Any amount payable under the terms of this insurance because of bodily injury sustained in an accident by a person who is an insured under this insurance shall not be reduced by any sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured motor vehicle or uninsured highway vehicle and (iii) any other person or organization jointly or severally liable together with such owner or operator for such bodily injury including all sums paid under liability coverage;
(b) that part of the ‘Limits of Liability’ provision pertaining to such a reduction is amended accordingly.”
The trial judge correctly held this endorsement to the policy does nothing except amend the printed provisions of the policy so as to comply with the concept of “unde-rinsured motorist” introduced to Louisiana by Act 494 of 1975. In his written reasons, the trial judge correctly states:
“This endorsement merely nullifies paragraph (b) of the Limits of Liability under Part IV — Protection Against Uninsured Motorists. The policy as originally printed sought to receive credit for any sums paid by the uninsured motorists or other sources. Endorsement 6273N, sec. 2(a) is on its face inapplicable to the issue of stacking. It serves only to amend the ‘other liability’ provisions of the policies, while stacking is a matter that addresses itself to the ‘other insurance’ provisions, as modified by statute.”
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.