406 So.2d 216 (1981)
Bobby R. NALL
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.
No. 81-C-1335.
Supreme Court of Louisiana.
November 16, 1981.
Rehearing Denied December 14, 1981.
*217 Philip G. Hunter and Leonard Fuhrer, of Fuhrer & Flournoy, Alexandria, for plaintiff-applicant.
Dewitt T. Methvin, Jr., of Gist, Methvin, Hughes & Munsterman, Grove Stafford, Jr., and Walter E. May, of Stafford, Stewart & Potter, Alexandria, for defendants-respondents.
MARCUS, Justice.
Bobby R. Nail, individually and as administrator of the estate of his minor son, Ricky Lane Nail, instituted this action against State Farm Mutual Insurance Company (State Farm) and Government Employees Insurance Company (GEICO) to recover damages for injuries sustained by his son.
Prior to trial, the parties stipulated that Ricky Lane Nail was injured on September 15, 1979, while a guest passenger in an automobile owned by James D. Ruby, Sr. and operated by his son, James D. Ruby, Jr., with his father's permission. The Ruby vehicle was involved in a collision with another vehicle and the collision was caused by the negligence of Ruby, Jr. At the time of the accident, plaintiff had two family automobile policies with State Farm, each providing uninsured or underinsured motorist coverage in the amount of $5,000 for each person. State Farm had paid $5,000 under the U/M coverage on one of its two policies but had refused to pay any amount under the terms of the other policy. Also, at the time of the accident, GEICO had issued a policy of automobile liability insurance to Ruby, Sr. providing coverage in the amount of $2,000 in medical payments and $10,000 for bodily injury liability for each person. The policy further provided uninsured or underinsured motorist coverage in the amount of $10,000 for each person. GEICO had paid plaintiff $2,000 under its medical payments coverage and $10,000 under its bodily injury liability coverage but had declined to pay any amount under its U/M coverage. It was further stipulated that the injuries to Ricky Lane Nail called for an award of damages in excess of the aggregate of the amounts previously paid to plaintiff by State Farm and GEICO.
The trial judge rendered judgment rejecting plaintiff's demands against State Farm and GEICO. The court of appeal affirmed.[1] On plaintiff's application, we granted certiorari to review the correctness of that decision.[2]
The issues presented for our consideration are (1) whether plaintiff is entitled to recover under the U/M coverages of both policies issued by State Farm and (2) whether plaintiff is entitled to recover under both the liability and U/M coverages of the GEICO policy.
*218 Plaintiff contends he is entitled to "stack" the U/M coverages of both State Farm policies. La.R.S. 22:1406(D)(1)(c), as amended by Act 623 of 1977 (anti-stacking statute), provides:
If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(1), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, the following priorities of recovery under uninsured motorist coverage shall apply:
(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.
We recently interpreted this statute in Courville v. State Farm Mut. Auto. Ins. Co., 393 So.2d 703 (La.1981). In that case, plaintiff, while driving his father's truck, was injured in a collision with another vehicle caused solely by the negligence of the other driver. Plaintiff sought to stack the U/M coverages of two separate automobile liability insurance policies issued to his father, one covering the truck driven by plaintiff and the other covering another vehicle owned by his father. We held that, while the first paragraph of the statute provides the general rule that an insured with insurance available to him under more than one U/M policy may not stack those policies, the second paragraph allows for an exception when: (1) the injured party is occupying an automobile not owned by him; (2) the U/M coverage on the vehicle in which the injured party was an occupant is primary; and (3) should that primary U/M coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other U/M coverage available to him. In Courville, plaintiff fell within the exception; therefore, he was allowed to stack the U/M coverages of both policies.
In the instant case, the second of these requirements is absent, that is, the U/M coverage on the vehicle in which Ricky Lane Nail was an occupant was primary. Here, neither State Farm policy provided U/M coverage on the vehicle in which Ricky Lane Nail was an occupant. Hence, the result in the instant case is controlled by the general rule stated in paragraph (c) quoted above, that an insured who has U/M coverage available to him under more than one policy may not stack.
Plaintiff further contends that State Farm waived the benefit of the anti-stacking statute by issuing two separate policies providing U/M coverages and collecting two separate premiums. La.R.S. 22:1406(D)(1)(c) clearly negates this contention. Finally, plaintiff contends that Endorsement 6273N to the State Farm policies[3] allows him to recover under the U/M *219 coverage of each policy. That endorsement was added to provide "uninsured motorist" coverage. It is not applicable to the question of stacking.
In sum, the court of appeal correctly denied plaintiff the right to stack the U/M coverages of the State Farm policies.
The second issue presented for our consideration is whether a guest passenger is entitled to recover under both the liability and U/M coverages of his host driver's insurance policy when the negligence of the host driver caused the accident. Plaintiff argues that La.R.S. 22:1406 allows him to recover under the U/M provision of the GEICO policy even though he has recovered under the bodily injury liability provision of the same policy because his damages exceed the amount of liability insurance. The GEICO policy expressly excludes such coverage.[4] Therefore, if coverage exists, it must be because the policy provisions are invalid as being in derogation of the mandatory requirements of the uninsured motorist statute.[5]
Although La.R.S. 22:1406(D)(2)(b) (as amended by Act 154 of 1974) includes within the definition of an uninsured motor vehicle a statutorily defined underinsured motor vehicle, this provision must be read in light of other pertinent provisions of our uninsured motorist statute and cannot be interpreted in isolation. Breaux v. Government Emp. Ins. Co., 369 So.2d 1335 (La. 1979). One such provision is La.R.S. 22:1406(D)(1)(a)[6] which requires insurance companies to offer coverage to their liability policy holders "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles." (Emphasis added.) In *220 Breaux, in interpreting this provision,[7] we stated:
A person insured under the uninsured motorist provision of a particular policy delivered or issued for delivery in this state with respect to a motor vehicle registered or principally garaged in this state must establish that he is legally entitled to recover damages from the owners or operators of uninsured or underinsured motor vehicles in order to obtain coverage thereunder. As to coverage under the uninsured motorist provisions of a particular policy, the statute thus contemplates two distinct motor vehicles: the motor vehicle with respect to which uninsured motorist coverage is issued and the "uninsured or underinsured" motor vehicle. In addition, as to each policy containing uninsured motorist coverage, the statute distinguishes between the person insured under the policy in question and the owner or operator of the uninsured or underinsured motor vehicle.
We consider the intent and effect of La.R.S. 22:1406(D)(1)(a) to be clear. As stated in Breaux, this provision creates distinctions between (1) persons insured under a particular policy affording uninsured motorist coverage and owners or operators of uninsured or underinsured motor vehicles and (2) the motor vehicle with respect to which such insurance is issued and the uninsured and underinsured motor vehicle. It is thus apparent, as held in Breaux, that our uninsured motorist statute does not mandate protection under the host driver's uninsured motorist coverage when the cause of the accident is the negligence of the host driver. We adhere to this interpretation. Hence, the clause in the GEICO policy which purports to deny uninsured motorist coverage to plaintiff in the instant case is valid and is not in derogation of the mandatory requirements set forth in the uninsured motorist statute. The court of appeal properly concluded that plaintiff was not entitled to recover under both the liability and U/M coverages of the GEICO policy.

DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed.
DIXON, C. J., dissents with reasons.
WATSON, J., dissents for reasons assigned by DIXON, C. J.
DIXON, Chief Justice (dissenting).
I respectfully dissent.
Two points are clear.
I. If an endorsement to the policy increases or expands the coverage required by the statute, the endorsement controls, not the statutory provisions. By endorsement, an insurer can permit stacking. Nothing prevents it. State Farm Endorsement 6273N in this case probably operates as a waiver of the "anti-stacking" amendment, since it appears on both policies.
II. R.S. 22:1406 clearly contemplates underinsured motorist coverage for an insured who is a passenger in an underinsured vehicle, and is injured by the negligence of the host driver. That part of Breaux v. Government Emp. Ins. Co., 369 So.2d 1335 (La.1979) to the contrary is wrong. R.S. 22:1406(D)(2)(b) clearly provides for it:
"For the purposes of this coverage the term uninsured motor vehicle shall, subject to the terms and conditions of such coverage, also be deemed to include an uninsured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the amount of damages suffered by an insured and/or the passengers in the insured's vehicle at the time of an accident, as agreed to by the parties and their insurers or as determined by final adjudication."
NOTES
[1] 398 So.2d 201 (La.App. 3d Cir. 1981).
[2] 400 So.2d 1390 (La.1981).
[3] State Farm Endorsement 6273N provides:

It is agreed that, with respect to Uninsured Motorist Insurance:
1. (a) The definition of "uninsured motor vehicle" and "uninsured highway vehicle" shall also include an automobile for which the owner or operator has a bodily injury liability bond or insurance policy applicable at the time of the accident but the limits of such bond or policy are insufficient to pay the full amount the insured is legally entitled to recover for damages because of bodily injury caused by the accident;
(b) in the event the owner or operator has such a bodily injury liability bond or insurance policy applicable to the accident, this insurance shall apply as excess insurance over such liability bond or insurance policy, up to the amount the insured is legally entitled to recover for damages because of bodily injury caused by the accident subject to the limits specified for this insurance.
2. (a) Any amount payable under the terms of this insurance because of bodily injury sustained in an accident by a person who is an insured under this insurance shall not be reduced by any sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured motor vehicle or uninsured highway vehicle and (ii) any other person or organization jointly or severally liable together with such owner or operator for such bodily injury including all sums paid under liability coverage;
(b) that part of the "Limits of Liability" provision pertaining to such a reduction is amended accordingly.
3. The company shall not be obligated to make any payment because of bodily injury to which this insurance applies and which arises out of the ownership, maintenance or use of an uninsured motor vehicle or uninsured highway vehicle until after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements.
[4] Part IV of the GEICO insurance policy issued to James D. Ruby, Sr. provides that GEICO will pay all sums which any insured shall be legally entitled to recover as damages from the owner or operator of an "uninsured automobile." The policy expressly excludes from the definition of an "uninsured automobile" and "insured automobile" (defined as an automobile described in the schedule as an insured automobile to which the bodily injury coverage of the GEICO policy applies).
[5] Louisiana's uninsured motorist statute embodies public policy, thus any conflicting clause in a policy of insurance is invalid. See Breaux v. Gov. Emp. Ins. Co., 369 So.2d 1335 (La. 1979); Seaton v. Kelly, 339 So.2d 731 (La. 1976); Dean v. McGee, 261 La. 686, 260 So.2d 669 (1972).
[6] La.R.S. 22:1406(D)(1)(a) provides in pertinent part:

No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom .... (Emphasis added.)
[7] In a review of Breaux in 40 La.L.Rev. 676, the author stated that the decision was "consistent with the express provisions of the insurance policy and based on a reasonable interpretation of the statute."