YELVERTON, Judge.
In this case plaintiff unsuccessfully sought to stack the uninsured motorist coverages under two insurance policies on two vehicles owned by him. On appeal he claims the trial court was in error. We agree with the trial court that stacking is not permitted on these facts and affirm the dismissal of the suit.
Walter Rigby, the minor son of plaintiff, Robert Rigby, was injured in a single car accident while he was riding as a passenger in an automobile owned by Ben Rogers and driven by his son, Byron Rogers. The accident was caused by the fault of the driver.
The claim for personal injuries against the Rogers father and son and their liability insurer, Economy Fire and Casualty Company, was settled for $15,000, the per person liability under the policy issued to Rogers. In this settlement plaintiff reserved his right to proceed against defendant, State Farm Mutual Insurance Company, his uninsured motorist carrier. ■
*425 At the time of the accident, Robert Rigby owned two vehicles, a 1972 Ford pickup truck and a 1980 Pontiac automobile. State Farm had in effect a policy of automobile liability insurance on both vehicles. Each policy provided uninsured motorist coverage with per person bodily injury limits of $5,000.00.
After suit was filed against it demanding payment from both policies, State Farm paid $5,000 under one policy but refused to pay under the second one. As to its liability under the second policy State Farm filed a motion for summary judgment. The trial court granted the motion and dismissed the suit. From that judgment plaintiff appealed.
The granting of a motion for summary judgment means that the trial court has determined that there is no genuine issue as to any material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
This motion for summary judgment in favor of State Farm was granted on the basis of its argument that under the Louisiana Uninsured Motorist Statute, LSA-R.S. 22:1406(D)(1)(c), plaintiff is not allowed to recover under more than one uninsured motorist policy coverage. This provision reads as follows:
“D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.

“[l](c) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(l), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, the following priorities of recovery under uninsured motorist coverage shall apply:
(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.”
The case of Nall v. State Farm Mutual Automobile Insurance Company, 406 So.2d 216 (La.1981), answers the question presented. There, as in this case, two automobile policies were issued to a father whose son was injured while a passenger in a vehicle owned by another. Since the two policies did not provide uninsured motorist coverage on the vehicle in which the son was an occupant, it was held that the uninsured motorist coverage of the father’s policies could not be stacked to provide coverage for the son’s injuries. For the same reasons the uninsured motorist coverage of the State Farm policies here cannot be stacked.
The Louisiana Uninsured Motorist provision, LSA-R.S. 22:1406(D)(l)(c), and the corresponding jurisprudence clearly indicate that the trial court correctly granted the motion for summary judgment in favor of the defendant, State Farm. The plaintiff’s demand for the stacking of the policies’ coverage was properly dismissed.
For these reasons the trial court’s judgment is affirmed. Costs are assessed against plaintiff-appellant.
AFFIRMED.