CALOGERO, Justice,
dissenting from the denial of the writ.
This case presents an important issue regarding uninsured motorist coverage, an issue heretofore unresolved by this Court. That issue is whether the so-called “anti-stacking” prohibition contained in La.R.S. 22:1406(D)(1)(c) applies when the insured seeks recovery from U.M. policies that were issued by different companies. We did not reach this issue in Nall v. State Farm Mut. Auto Ins. Co., 406 So.2d 216 (La.1981), wherein we held that the referenced statutory provision prohibited the plaintiff from recovering under more than one U.M. policy when all of the U.M. policies available to him were issued by the same company.
In my view, there are strong arguments in favor of reaching a different result (allowing recovery under more than one policy) when, as here, the policies in question were issued by different companies. First of all, the statute which supposedly prohibits these plaintiffs from recovering under both the Aetna and State Farm U.M. policies simply provides that “if the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance ... then ... such limits shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy— ” La.R.S. 22:1406(D)(l)(c) (emphasis added). Nall found that this statutory prohibition is violated when an insured is permitted to recover under more than one U.M. policy issued by the same company. The apparent rationale of Nall was that such a single company’s limits in one policy are effectively “increased” if recovery is allowed under two or more policies that it has issued. But when, as here, plaintiffs seek recovery under policies issued by different companies, recovery under more than one policy does not have the effect of increasing any insurer’s limit of liability.
Secondly, if the result reached by the court of appeal in this case was correct, and the plaintiff can recover against only one of the two U.M. policies (both of which provide the same amount of coverage, $25,-000, and neither of which lists the accident vehicle as an insured vehicle), which company is liable? That question was mooted in this case by the fact that one of the insurers paid its policy limits to plaintiffs in settlement. But which company would have been liable absent a settlement? The statute provides no hint of the answer to that question. Perhaps each company would be liable for one-half of its policy limits, but it would seem that if this result were contemplated by the Legislature, the statute would so provide. The fact that the statute makes no such provision may indicate that it simply was not intended to apply to a situation where U.M. coverage is afforded under policies issued by more than one company.
I am aware that Breaux v. Louisiana Farm Bureau Mut. Ins. Co., 413 So.2d 988 (La.App. 1st Cir.1982) considered this issue and concluded that the anti-stacking rule applies even when the policies involved were issued by more than one company. Nevertheless, because I seriously question the correctness of Breaux on this issue, and the correctness of the court of appeal’s holding in this case, I would grant the writ *976 and bring the case up for briefing, oral argument and a considered opinion.