583 So.2d 570 (1991)
AMERICAN STATES INSURANCE COMPANY, Plaintiff-Respondent,
v.
Patrick ROARK, as the Court Administrator of the Estate of his Minor Child, Kristin Roark, Defendant-Relator.
No. W90-1202.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1991.
Writ Denied October 11, 1991.
Moroux, Domengeaux & Davis, R. Hamilton Davis, Lafayette, for defendant-relator.
John P. Wolff, Baton Rouge, for plaintiff-respondent.
Before FORET, DOUCET and YELVERTON, JJ.
*571 FORET, Judge.
This action is the result of a suit brought against Patrick Roark, defendant-relator herein, by American States Insurance Company, plaintiff-respondent herein, for reimbursement of UM proceeds paid by American States to Roark.

FACTS
In November of 1988, Kristin Roark, daughter of Patrick Roark, was playing in a neighbor's (Yunkers) yard when the neighbor's child allegedly chased her into the street. In the street, Kristin was struck and injured by an automobile driven by Jamie Jean Dooley. Dooley's car was insured by State Farm Insurance Company (hereinafter State Farm). The $50,000 policy limits of the State Farm policy were paid to Patrick Roark, as the administrator of the estate of Kristin Roark. Subsequently, American States, as Patrick Roark's uninsured motorist carrier, paid the UM limits of $25,000 and the medical coverage limits of $1,000 under the policy insuring Roark. Following the payment by American States to Roark, Roark settled with Metropolitan Property and Liability Insurance Company (hereinafter Metropolitan), the homeowner insurer of the Yunkers, for $145,000 on a $1,000,000 policy.

PRIOR PROCEEDINGS
American States filed a petition to enforce rights to participate in the settlement proceeds which Roark received from Metropolitan. In that petition, American States asserted its right to reimbursement under La.R.S. 22:1406 D(4). American States thereafter filed a supplemental and amending petition claiming their right to recover payment based upon a provision in the policy between Roark and American States. The $26,000 in dispute has been placed in the Registry of the Court by Roark.
Subsequently, American States filed a motion for summary judgment, claiming it was entitled to the funds under the reimbursement provision of its policy. Roark filed an exception of prescription and no right of action. After hearing, the trial court denied American States' motion for summary judgment, overruled Roark's exception of prescription, and held Roark's exception of no right of action moot.
Both parties sought supervisory writs from the trial court judgment.
After review, we granted Roark's writ on the exception of no right of action and made the writ peremptory, stating as follows:
"The trial court erred in ruling relator's exception of no right of action was moot. La.R.S. 22:1406(D)(4) does not grant respondent, American States Insurance Company, a right of action to claim reimbursement out of the proceeds received by Patrick Roark from Metropolitan Property and Liability Insurance Company, a homeowner insurer. Accordingly, it is ordered relator's exception of no right of action is hereby granted and the suit dismissed."

(Docket No. W-90-1202, November 21, 1990)
Subsequently, the Louisiana Supreme Court, vacated our November 21, 1990 ruling and remanded the case to us for a full opinion. American States Ins. Co. v. Roark, 575 So.2d 357 (La.1991). This opinion is a result of that remand. A separate opinion will be rendered in the companion case of American States v. Roark, 583 So.2d 573 (La.App. 3 Cir.1991).

DISCUSSION
This case presents the Court with the res nova issue of whether or not an uninsured motorist carrier has a right of action for reimbursement from its insured from proceeds received from a third party homeowner's insurance policy, who is not the uninsured or underinsured motorist.[1]
American States relies upon a provision of its policy and La.R.S. 22:1406(D)(4), in support of its action for reimbursement. *572 Under the general provisions section of the policy issued by American States to Roark, Paragraph 5B, which deals with the company's right to reimbursement from its insured, provides:
"B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall hold in trust for us the proceeds of the recovery and shall reimburse us to the extent of our payment."
La.R.S. 22:1406(D)(4) provides, in pertinent part:
"D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.
. . . .
(4) In the event of payment to any person under the coverage required by this Section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made, including the proceeds recoverable from the assets of the insolvent insurer."
American States cites numerous cases dealing with La.R.S. 22:1406(D)(4). However, none of the cases cited by respondent deal with the issue of whether reimbursement may be claimed when the settlement money comes from a homeowner's policy rather than from an uninsured or underinsured motorist. After extensive review, we have found no Louisiana jurisprudence which addresses the issue of whether reimbursement may be had by a UM carrier out of the proceeds of a settlement between the insured and an insurer issuing a homeowners policy. Thus, we must answer this question by interpreting La.R.S. 22:1406(D)(4).
In determining the proper interpretation of the statute, we bear in mind the purpose of the UM statute, that being the protection of an innocent victim injured by the fault of an uninsured/underinsured motorist. The payment that Metropolitan made to Patrick Roark was made pursuant to a homeowner's insurance policy issued to the Yunkers and was unrelated to any payments made by an uninsured/underinsured motorist or a UM carrier.
In denying American States' motion for summary judgment, the trial court stated as follows:
"Part C of the section entitled "Uninsured Motorists Coverage" of the American States policy provides that the company will pay those damages which a covered person is legally entitled to recover from the "owner or operator of an uninsured motor vehicle."

Additionally, under LSA-R.S. 22:1406(D)(4) after a payment is made pursuant to the required coverage of Title 22 reimbursement may be had from proceeds paid by one legally responsible for the bodily injuries "for which such payment is made".
In the opinion of this Court both the policy of insurance and the statute contemplate reimbursement for payments made pursuant to the requirements of Title 22."
We agree with the reasoning of the trial court. American States paid $26,000 to Patrick Roark under the UM coverage and medical payments provision of its policy. A careful reading of La.R.S. 22:1406(D)(4) indicates that the legislature intended to permit reimbursement only when the insured received money from the UM tortfeasor and a UM carrier. The proceeds which Roark received from Metropolitan have no connexity whatever to the payment made by American States pursuant to the required coverage of Title 22. Therefore, the Metropolitan proceeds are not subject to reimbursement for uninsured motorist purposes.
The Louisiana Supreme Court, in discussing a similar issue, stated as follows:
"Just what are defendant's rights under R.S. 22:1406 D(4)? As we read the literal language of the statute, it is to receive (`be entitled to') the proceeds of any settlement or judgment which has resulted or might result (`resulting') *573 from the exercise of the insured's rights against the uninsured tortfeasor (and by implication the underinsured tortfeasor)."
. . . .
On the basis alone of statutory interpretation, we find that the UM insurer has no right under R.S. 22:1406 D(4) other than the right to reimbursement from such proceeds, if any, that the insured in fact recovers from the underinsured tortfeasor.
. . . .
If the UM carrier is to be afforded a right to subrogation or any other right more meaningful than that granted by R.S. 22:1406 D(4), the statute will have to be amended by the Legislature."
Neimann v. Travelers Ins. Co., 368 So.2d 1003 at pp. 1007, 1008 (La.1979).
Uninsured motorist coverage is a creation of the legislature, thereby implemented and governed by statute. Accordingly, the rights and remedies of an insurer vis-a-vis its insured are prescribed by statute. La.R.S. 22:1406(D)(4) does not provide American States with a right of action to claim reimbursement from Roark out of the proceeds which he received from Metropolitan. As stated in Neimann, supra, if the UM carrier is to be afforded broader rights than presently granted by Title 22, this expansion will have to be implemented by the legislature.[2]

CONCLUSION
Based upon the foregoing, we find that the trial court erred in finding that the exception of no right of action filed by Patrick Roark was moot. Conversely, we grant the exception of no right of action and dismiss the petitions of American States Insurance Company with prejudice.

DECREE
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the writ filed by Patrick Roark alleging that American States has no right of action is hereby granted and made peremptory.
All costs of court are assessed to American State Insurance Company.
REVERSED AND RENDERED.
NOTES
[1] Based upon our grant of Patrick Roark's exception of no right of action, discussion regarding Roark's exception of prescription and American States' motion for summary judgment is pretermitted as unnecessary.
[2] "Louisiana's uninsured motorist statute embodies public policy, thus any conflicting clause in a policy of insurance is invalid." (citations omitted)

Nall v. State Farm Mut. Auto. Ins. Co., 406 So.2d 216, 219 n. 5 (La.1981).