DUFRESNE, Judge.
On April 15, 1991, Grady Bell, III, minor son of Elizabeth Bell, was injured when struck, while on foot, by a vehicle driven by Gina Friloux. From this occurrence we shall review this lawsuit.
Grady had alighted from a vehicle driven by his grandmother, Lucia Bernard, and when attempting to cross South Kenner Road to board a Jefferson Parish school bus operated by Ronnie Harison, he was struck by the Friloux vehicle.
Elizabeth Bell, individually and on behalf of her minor son, Grady, filed suit naming as defendants, Gina Friloux; Allstate Insurance Company as Ms. Friloux’s automobile liability insurer; Ronnie Harison; the' Jefferson Parish School Board; Illinois National Insurance Company as the bus’s liability insurer; and State Farm Mutual Automobile Insurance Company, as the UM insurer of Ms. Lucia Bernard.
In the Petition for Damages, Grady was alleged to have been a member of his grandmother’s household at the time of the accident. At this time, the Bernards owned two (2) vehicles insured under two (2) separate policies with State Farm, each having $50,000.00 UM coverage. After the accident, Ms. Bell settled for $50,000.00 under State Farm’s UM policy limits covering the non-involved vehicle, however reserved all rights against all other parties, including any claims against State Farm’s UM policy on the involved vehicle.
After State Farm was sued on its UM policy issued on the involved vehicle, it filed a Motion for Summary Judgment denying coverage on the grounds that the Bells had chosen and recovered the policy limits under one of the UM policies issued by State Farm and pursuant to LSA-R.S. 22:1406(D)(1)(C), the Bells were not allowed to stack the other UM policy.
The Bells argued, that at the time of this accident, Grady was also an occupant of the school bus he was in the process of boarding or entering, that the Bells sued Illinois National under the UM coverage on the school bus, and the school bus was not owned by Grady or any of his resident relatives. Therefore, the anti-stacking provisions of the UM statute, would allow the Bells to stack one additional UM policy over the UM policy of Illinois National on the non-owned school bus. Further, that the Bells sued State Farm on the primary policy on the involved vehicle, and even in the alternative that the excess policy on the non-involved vehicle cannot be stacked (which is denied by the Bells), to allow State Farm to set-off their settlement on the excess non-involved vehicle policy under these circumstances would be tantamount to allowing them to rescind the settlement on the grounds that State Farm made an error of law when paying on this excess policy instead of the primary policy on the involved vehicle.
Bell argues that because Grady is deemed under law to have been an occupant of both his grandmother’s involved *354 vehicle and the Jefferson Parish School bus, the anti-stacking provision of the UM statute is not applicable.
The trial court granted State Farm’s summary judgment, dismissing the Bells’ action against State Farm. From this decision Elizabeth Bell has appealed. We affirm.
The anti-stacking provisions of LSA-R.S. 22:1406(D)(l)(c)(i) states as follows:
(c)(i) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(l), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
(ii) With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, resident spouse, or resident relative, the following priorities of recovery under uninsured motorist coverage shall apply:
(aa) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(bb) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.
The language of the UM statute above includes “resident relative” in the class of owners to which the statute applies. It has been established that Grady Bell, III, was a resident of his grandparents, Ernest and Lucia Bernard’s household. It is clear that the anti-stacking provisions are made applicable to Grady, prohibiting his recovering from both UM policies issued to his grandparents as a result of the accident on April 15, 1991.
State Farm paid $50,000.00 policy limits and its obligations to Grady Bell, III, pursuant to its insurance contract with the Bernards was extinguished.
The State Farm UM policies in dispute are identical in text and both state in their UM sections that:
“SECTION Ill-
Limits of Liability Under Coverage U
4. The limits of liability are not increased because:
(a) more than one vehicle is insured under this policy or
(b) more than one person is insured at the time of the accident.”
The policy goes on to state that:
“1. If the insured sustains bodily injury as a pedestrian and other uninsured motor vehicle coverage applies:
(a) the total limits of liability under all such coverages shall not exceed that of the coverage with the highest limit of liability”
These claims contractually prohibit recovery from more than the total limits of any one policy.
The Bells argue that Grady was an occupant of both the Bernard vehicle and the Jefferson Parish school bus, because “alighting from”, the Bernard vehicle and boarding the bus, Grady was within the legal cordon of the safety zone created by LSA-R.S. 32:80, as “entering into” the school bus and is an occupant thereof for purposes of coverage under the UM policy on the school bus. Westerfield v. LaFleur, 493 So.2d 600 (La.1986).
We disagree. There is no legal creation of occupancy of two vehicles, we find no legal analogy applicable to these facts. We find the UM statute and State Farm policy clear and unambiguous, Nall v. State Farm Mut. Auto. Ins. Co., 406 So.2d 216 (La.1981).
*355 The $50,000.00 UM payment made under the uninvolved vehicle’s policy was a mistake of fact and shall not be sufficient grounds for additional UM recovery. LSA-C.C. arts. 2301 and 2302. There was no error of fact as to the principal or a material cause of the contract, thus consent to the settlement was valid.
In sum, Grady Bell, III, is prohibited by law, pursuant to the anti-stacking statute, LSA-R.S. 22:1406(D)(l)(c)(i), as a resident relative of the Bernard household, from collecting under both State Farm UM policies issued to the Bernards.
State Farm’s UM payment of $50,000.00 under the uninvolved vehicle was an error of fact, not of law.
For the above reasons, the trial court’s judgment granting State Farm’s summary judgment is affirmed, dismissing the Bells’ action against State Farm.

AFFIRMED.