STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

04-1144

MICHELLE A. EGLE

VERSUS

ALLSTATE INS. CO.

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2002-3857
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Glenn B. Gremillion, Judges.

AFFIRMED.

Julius P. Hebert, Jr.
Brian John Marceaux
Hebert & Marceaux
8026 Main St., #102
Houma, LA 70360
(985) 876-4324
Counsel for Plaintiff/Appellant
        Michelle A. Egle

James L. Donovan, Jr.
Donovan & Lawler
4640 Rye St.
Metairie, LA 70006
(504) 454-6808
Counsel for Defendant/Appellee
        Allstate Ins. Co.

GREMILLION, Judge.

In this case, the plaintiff-appellant, Michelle A. Egle, appeals the judgment of the trial court in favor of the defendant-appellee, Allstate Insurance Company. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Egle was involved in a one-car accident in which she was a passenger. The vehicle, a 1999 Ford Explorer, was driven by Matthew Carrell, owned by his parents, and insured by Allstate.[1] Allstate settled with Egle for the full liability limits of $100,000. She also received $100,000 pursuant to her own underinsured motorist policy with State Farm.[2] Egle was eighteen years old at the time of the accident and lived at home. Her mother, Rose Dove, had an Allstate insurance policy (the policy) which provided $100,000 of uninsured motorist coverage for relatives living at home.[3] It is from this policy that Egle claims coverage.

The issue before the trial court was whether the policy provided additional underinsured motorist coverage beyond statutory requirements. Egle and Allstate both filed partial motions for summary judgment pertaining to the coverage issue. Following a hearing, the trial court granted summary judgment in favor of Allstate finding that Egle was precluded from stacking any additional policies on the $100,000 she had already received in uninsured motorist coverage from her own State

---

[1] This Allstate policy, 015434606, issued to Carrell's parents, provided coverage of $100,000 per person and $300,000 per accident and no uninsured motorist coverage protection.

[2] This State Farm policy, 346749-E22-18, issued to Egle, provided uninsured/underinsured motorist coverage of $100,000 per person and $300,000 per accident.

[3] This Allstate policy, 045241412, was issued to Dove to cover her 1995 Toyota 4-Runner.

1

Farm policy. The trial court's ruling relied on La.R.S. 27:1406(D)(1)(C) and *Nall v. State Farm Mutual Autombile Insurance Co.*, 406 So.2d 216 (La.1981). Egle now appeals.

## ISSUES

Egle assigns as error:

1. The trial court's finding that the Allstate policy could not be stacked because the policy provides greater rights than that afforded by the uninsured motorist statute.

2. The trial court's failure to interpret the policy to provide greater coverage for UM coverage.

## SUMMARY JUDGMENT

On appeal, summary judgments are reviewed de novo. *Magnon v. Collins*, 98-2822 (La. 7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks in determining whether summary judgment is appropriate. *Id.* This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). Summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2). In this case, there are no factual matters in dispute. Rather, interpretation of an insurance policy is a question of law, and we have authority to construe provisions of the policy in order to resolve questions of coverage. *Stoute v. Long,* 98-683 (La.App. 3 Cir. 12/9/98), 722 So.2d 102.

Louisiana Revised Statute 22:680(1)(c) states:

(i) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subparagraph (1)(a) of this Section, then such limits of liability shall

2

not be increased because of multiple motor vehicles covered under said policy of insurance, and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; however, with respect to other insurance available, the policy of insurance or endorsement shall provide the following:

(ii) With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, resident spouse, or resident relative, the following priorities of recovery under uninsured motorist coverage shall apply:

(aa) The uninsured motorist coverage on the vehicle in which the injured party wan an occupant is primary;

(bb) Should that primary uninsured motorist coverage be exhausted due to the extent of the damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. **In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.**

(Emphasis added).

Egle argues that the Allstate policy provided greater coverage than the minimum set forth by statute. She further argues that the trial court's reliance on *Nall*, 402 So.2d 216, was erroneous since La.R.S. 22:680 has been amended since the date that decision was rendered. However, the quoted portion of the statute is still exactly the same as it was when the *Nall* decision was rendered. In *Nall*, the supreme court affirmed the trial court and court of appeal's rulings that the plaintiff, who was a passenger in a non-owned vehicle, could not stack two UM policies owned by his parents after exhausting the tortfeasor's primary liability policy. The court stated:

[W]hile the first paragraph of the statute provides the general rule that an insured with insurance available to him under more than one U/M policy may not stack those policies, the second paragraph allows for an exception when: (1) the injured party is occupying an automobile not owned by him (2) the U/M coverage on the vehicle in which the injured party was an occupant is primary; and (3) should that primary U/M

3

coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other U/M coverage available to him.

*Id.* at 218.

Recently, in *Boullt v. State Farm Mutual Automobile Insurance Co.*, 99-0942 (La. 10/19/99), 752 So.2d 739, the supreme court again quoted with approval the above language from its decision in *Nall*.

The Carrells did not have any UM coverage on their vehicle. Thus, Egle does not meet the second requirement of the exception and cannot stack Dove's UM policy on top of her own State Farm UM policy.

Egle argues that the Dove policy's "other insurance" clause does not specifically exclude recovery. The "If There Is Other Insurance" portion of the policy reads:

> If the insured person was in, on, getting into or out of a vehicle you do not own which is insured for this coverage under another policy, this coverage will be excess. This means that when the insured person is legally entitled to recover damages in excess of the other policy limit, we will pay up to your policy limit, but only after the other insurance has been exhausted. No insured person may recover duplicate benefits for the same elements of loss under this coverage and the other insurance. No more than one coverage may apply as excess insurance.

Egle argues that by defining "excess," Allstate intends to pay after the policy limits of the State Farm policy are exhausted. We do not agree that defining the policy as "excess" somehow voids the mandates of La.R.S. 22:680(1)(c). Additionally, we find the last sentence, which states that "no more than one coverage may apply as excess insurance," tracks La.R.S. 22:680(1)(c)(ii)(bb). Further, while parties are free to contract for anything that is not in derogation of public policy, we do not find any other provisions in the policy wherein Allstate agrees that its policy can be stacked

4

contrary to the statute.

Finally, Egle relies on our decision in *Livas v. State Farm Mutual Automobile Insurance Co.*, 99-1169 (La.App. 1 Cir. 7/18/00), 797 So.2d 694, in which we found that the anti-stacking statute did not apply.[4] We find this reliance misplaced as the facts of *Livas* are distinguishable from this case. In *Livas,* the daughter of the insured was traveling as a passenger in her mother's car. We found that while normally La.R.S. 22:1406(D)(1)(c) would bar the daughter from recovering as she was occupying a resident relative's vehicle, another provision of the contract afforded her coverage. An exclusion in the contract stated that it did not provide coverage for any injury sustained by the insured *owner*. Since the daughter was not the owner of the insured vehicle, coverage was available to her. These facts are inapposite to the ones at hand, and we find this holding inapplicable to this case. Rather, the facts of this case fit within the exceptions to the statute to exclude stacking. Accordingly, this assignment of error is without merit.

### CONCLUSION

Summary judgment granted in favor of the defendant-appellee, Allstate Insurance Company, is affirmed. All costs of this appeal are assessed against the plaintiff-appellant, Michelle A. Egle.

**AFFIRMED.**

---

[4] A panel of this court rendered this opinion while sitting pro tempore for the First Circuit Court of Appeal.