FORET, Judge.
The defendant, United States Fidelity & Guaranty Company (USF & G), appeals the judgment of the trial court awarding the plaintiff, Delores Cameron Lebaron, the $10,000 policy limits of a policy of uninsured motorist coverage issued to her stepfather, Robert T. DeLong. We reverse the judgment of the trial court.
On November 26, 1980, Delores Cameron was injured in a one vehicular accident involving an automobile owned and operated by Paul Lebaron, now her husband. The plaintiff suffered severe injuries as a result of the accident.
Paul Lebaron’s automobile was insured by MFA Insurance Company, which provided liability and uninsured motorist coverage of $10,000 per person and $20,000 per accident. MFA paid to the plaintiff its liability limits of $10,000.
At the time of the accident, plaintiff was a sixteen-year-old minor in the legal custody of her mother, Phyllis Cameron De-Long, but had resided with her father, Donald Cameron, and his second wife for approximately five to six months prior to the accident. Both Robert DeLong, the plaintiffs step-father, and Donald Cameron had in effect policies of automobile liability insurance issued to them by the defendant, USF & G. Both policies provided liability limits and uninsured motorist coverage of $10,000 per person and $20,000 per accident. The plaintiff’s mother contacted USF & G and filed a claim to recover under the policies’ uninsured motorist provisions. USF & G conducted an investigation into the matter and ascertained that because the plaintiff enjoyed residential status at both the home of her father and step-father, that she would be an insured under both policies. Accordingly, reasoned USF & G, the plaintiff could assert a claim to recover U.M. policy limits under either policy, but would not be entitled to collect under both. USF & G’s reason for denying the plaintiff recovery under both policies was the “anti-stacking” provision contained in LSA-R.S. 22:1406D(l)(c). That statute provides, in pertinent part, that:
“D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.
* * * * * *
(c) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(l), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, the following priorities of recovery under uninsured motorist coverage shall apply:
(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.”
USF & G paid to the plaintiff the $10,000 policy limit provided in the policy issued to her father, Donald Cameron, based on the fact that she had been residing with him for the five to six-month period of time immediately preceding the accident. Plaintiff then filed suit against USF & G to recover under the policy issued to her stepfather. USF & G reconvened, demanding repayment of the money paid to the plain *212 tiff under her father’s policy in the event the trial court found them to be liable for payment under her step-father's policy. The plaintiff was granted a summary judgment for the $10,000, plus penalties and attorney’s fees, and the defendant’s reeon-ventional demand was dismissed.
The issues presented in this appeal are:
1) That the trial court erred in granting judgment in favor of the plaintiff under the policy of insurance issued by USF & G to Robert T. DeLong;
2) That the trial court erred in granting plaintiff judgment for penalties and attorney’s fees; and,
3) That, alternatively, the trial court erred in dismissing the reconventional demand of USF & G.
In our opinion, the trial court fell into error by awarding plaintiff the uninsured motorist policy limits provided to Robert T. DeLong after she had recovered the full uninsured motorist coverage provided under Donald Cameron’s policy.
LSA-R.S. 22:1406D(l)(c) and our jurisprudence clearly provide that:
“(ii) ... In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.”
As in Nall v. State Farm Mutual Auto. Ins. Co., 406 So.2d 216 (La.1981), Hubbard v. Milner, 408 So.2d 1004 (La.App. 2 Cir.1981), and Clement v. Continental Ins. Co., 430 So.2d 1212 (La.App. 1 Cir.1983), writ denied, 433 So.2d 1057 (La.1983), the primary insurance available to the injured party was the bodily injury liability limits provided under the policies issued to the host driver of each automobile. In each of those cases, as in this case, the injured guest passengers recovered under the host driver’s policy, their own insurance policy providing for uninsured motorist coverage, and attempted additional recovery under some other policy of uninsured motorist coverage available to them. In every instance, they were denied recovery of additional available uninsured motorist coverage based on the “anti-stacking” provision of LSA-R.S. 22:1406D(1)(c).
The cases state that UM coverage may be stacked when:
“(1) the injured party is occupying an automobile not owned by him; (2) the U/M coverage on the vehicle in which the injured party was an occupant is primary; and (3) should that primary U/M coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other U/M coverage available to him.”
Nall, at page 218.
As in Nall, Hubbard, and Clement, this case lacks the second element above, which would make plaintiff’s case an exception to the general rule prohibiting stacking of UM coverage. Paul LeBaron’s liability insurance was primary, and therefore, the plaintiff would be entitled to recovery under only one of the UM coverage policies available to her. USF & G was not liable for UM coverage under both policies by the clear mandate of LSA-R.S. 22:1406D(1)(c).
Since we find that plaintiff was not entitled to stack the UM coverage available to her under her father’s and step-father’s policies, we need not discuss the issue of penalties and attorney’s fees.
Plaintiff attempts to circumvent LSA-R.S. 22:1406D(l)(c) by arguing settlement and compromise of a disputed claim, that being payment under Donald Cameron’s automobile insurance policy. We find this argument completely lacking in merit. Had USF & G, in fact, paid under Robert DeLong’s policy, plaintiff would, more than likely, now be arguing that it should also have paid under Donald Cameron’s policy.
Accordingly, for the reasons assigned herein, the judgment of the trial court in favor of plaintiff, Delores Cameron LeBar-on, is hereby reversed, and her suit is dismissed with prejudice. All costs are to be borne by plaintiff-appellee.
REVERSED.