614 So.2d 208 (1993)
Joan Edwards SHEPPARD, Plaintiff-Appellee,
v.
STATE FARM INSURANCE COMPANY, et al. (Massachusetts Bay Insurance Company), Defendants-Appellants.
No. 92-72.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
Bolen, Erwin, Johnson & Coleman, Gay Coleman, Alexandria, for defendant-appellant.
Thomas, Dunahoe & Thomas, G.F. Thomas, Jr., Robert C. Thomas, Natchitoches, for plaintiff-appellee.
Watson, Murchison, Crews, Arthur & Corkern, Ronald E. Corkern, Jr., Gahagan & Gahagan, Fred S. Gahagan, Natchitoches, Stafford, Stewart & Potter, Russell L. Potter, Alexandria, Hudson, Potts & Bernstein, Jesse D. McDonald, Monroe, Bonnie Moore, Many, Gold, Weems, Bruser, Sues & Rundell, Peggy St. John, Alexandria, for defendant-appellee.
Stafford, Stewart & Potter, Alexandria, for amicus.
Charles W. Seaman, Natchitoches, for plaintiff-appellant, Sheppard.
Lewis & Kullman, James Nader, New Orleans, for defendant-appellee, Anders.
Before YELVERTON, KNOLL and SAUNDERS, JJ.
SAUNDERS, Judge.
This case arises out of an automobile accident which killed Mark Sheppard. Joan Sheppard and Robert Sheppard, the divorced parents of the decedent, filed separate wrongful death actions against numerous defendants. The object of this appeal involves Joan Sheppard's attempt to recover uninsured motorist benefits under her former husband's automobile insurance policy issued by Massachusetts Bay Insurance Company (Massachusetts Bay), defendant-appellant.
Ms. Sheppard filed a motion for summary judgment and an alternative request for a declaratory judgment requesting the trial court to recognize her right to pursue Massachusetts Bay, despite the settlements and tenders made to her by her own UM policy, Metropolitan Property and Liability Insurance Company (Metropolitan). After the hearing on the motion, the court below granted the motion for summary judgment *209 and declaratory judgment, declaring that plaintiff had the right to proceed against Massachusetts Bay's policy of insurance. Massachusetts Bay appeals. We affirm.

FACTS
Mark Sheppard was a guest passenger in a vehicle owned and driven by Luckett Pittman. The vehicle was involved in an accident which killed Mark on February 13, 1988, in Natchitoches Parish, Louisiana. The Pittman vehicle was insured by State Farm Insurance Company (State Farm). State Farm afforded both liability and uninsured/underinsured motorist coverage. The proceeds of the policy were deposited into the Registry of the Court and then divided among the several claimants, including the Sheppards. Each parent received approximately $25,000.00. The damages claimed by both Mr. and Mrs. Sheppard exceeded the coverage provided by State Farm.
There were two uninsured motorist policies available for stacking. Ms. Sheppard owned a vehicle which was insured by Metropolitan. The liability limits, including the UM limits of the policy, were $50,000/$100,000. Pursuant to a settlement agreement entered into between Ms. Sheppard and Metropolitan, Ms. Sheppard agreed to receive the $50,000.00 payable under this policy.
Robert Sheppard owned a vehicle which was insured pursuant to a policy issued by Massachusetts Bay. The liability limits and UM limits of that policy were $100,000/$300,000. The policy provided coverage to an "insured" who was defined as a relative resident of the named insured's household. In a preliminary hearing, the trial court found that Mark Sheppard was an insured under the policy issued to Robert Sheppard as well as under Ms. Sheppard's policy. Subsequent to that ruling, Massachusetts Bay settled with Robert Sheppard for $55,200.00.
Ms. Sheppard filed a motion for summary judgment and, in the alternative, a request for declaratory judgment on the issue of the liability of Massachusetts Bay, the sole insurer remaining in the litigation. Ms. Sheppard alleged in her motion that she was entitled to pursue her rights of recovery and ultimately recover against Massachusetts Bay as a matter of law, despite settlements and tenders made to her by other insurers, including Metropolitan. Massachusetts Bay filed an opposition to Ms. Sheppard's motion alleging that Ms. Sheppard had exhausted the recovery allowed under LSA-R.S. 22:1406 and, therefore, she was not entitled to judgment against Massachusetts Bay.
Hearing was held on July 31, 1991, and judgment was rendered in favor of Ms. Sheppard. Massachusetts Bay filed this devolutive appeal.

DISCUSSION
LSA-R.S. 22:1406D(1)(c) provides that:
(c)(i) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(1), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
(ii) With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, resident spouse, or resident relative, the following priorities of recovery under uninsured motorist coverage shall apply:
(aa) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(bb) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as *210 excess over and above the primary coverage available to the injured occupant.
The decedent was occupying a non-owned vehicle, and the damages exceeded the primary uninsured motorist coverage. Additionally, there were at least two UM policies available. Consequently, Ms. Sheppard falls within the limited exception to the general rule against stacking. See Nall v. State Farm Mut. Auto. Ins. Co., 406 So.2d 216 (La.1981). Plaintiff is entitled to recover under one uninsured motorist policy in addition to the primary coverage on the Pittman vehicle. The issue is whether the stacking limitation of subsection 1406D(1)(c) precludes Ms. Sheppard from recovering under the Massachusetts Bay policy even though she has accepted $50,000.00 under the Metropolitan policy.
The Supreme Court has allowed an insured to receive the benefits of the maximum amount of coverage available under a more favorable policy. In Taylor v. Tanner, 442 So.2d 435, (La.1983), the deceased was the occupant of a non-owned vehicle which was struck by an underinsured motorist. Plaintiffs accepted the liability limits of the negligent motorist and the UM limits from the insurers of the host driver and the deceased's auto, reserving rights against the UM insurer of the deceased's employer. The employer's insurer moved for summary judgment on the ground that the plaintiffs could not stack an additional policy. The trial court granted the motion, and the court of appeal affirmed the dismissal. The Supreme Court reversed, holding that acceptance of the deceased's excess UM coverage was conditional and did not bar recovery under the employer's coverage, so long as there was no ultimate recovery of excess UM coverage beyond that provided by one policy. The selection of an excess policy was not irrevocable, and the insured may later opt for another policy. When a subsequent selection was made, the court did not decide whether the funds under the original policy should be refunded; whether such payment should be credited against the liability of the subsequent selectee; or whether the responsibility should be prorated between the two insurers according to their policy limits.
It is on this authority that Ms. Sheppard pursues her claim against Massachusetts Bay. Ms. Sheppard, at hearing and in brief, concedes that upon recovery of the balance of the Massachusetts Bay's limits ($44,800.00), she is not entitled to retain the $50,000.00, pursuant to her settlement agreement with Metropolitan, wherein she agreed to "... assign, hold in trust, transfer and set over unto Metropolitan Property & Liability Insurance Company, the first $50,000.00 of any settlement, payment, judgment, or award which may be rendered in her favor, against Massachusetts Bay..."[1] It is also her contention that this acceptance was "conditional" based upon this same provision in her settlement agreement with Metropolitan. Ms. Sheppard is not seeking to recover an additional amount and fully concedes that the sum of both her and Robert Sheppard's recovery under the Massachusetts Bay policy is not to exceed $100,000.00, excluding the interest accumulated.
We find nothing in the anti-stacking provision of LSA-R.S. 22:1406D(1)(c) or jurisprudence which convinces us that the trial court was in error.
Both Metropolitan and Massachusetts Bay were obligated under their policies to provide coverage in this case. As long as Massachusetts Bay had not exhausted the entire fund, the claim of Ms. Sheppard for the balance is viable. However, Ms. Sheppard gives up her right to receive and/or retain the proceeds from her settlement with Metropolitan Life. The important consideration in stacking uninsured motorist coverage is that there is no recovery beyond that provided by one policy. In this case, even as multiple claimants, there will *211 be only a single recovery of $100,000.00, the maximum under one single policy.
Accordingly, we conclude that Ms. Sheppard may proceed against Massachusetts Bay's uninsured motorist coverage.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are cast to defendant and appellant, Massachusetts Bay Insurance Company.
AFFIRMED.
NOTES
[1] At hearing, the attorney for Ms. Sheppard explained why she is seeking to collect under Massachusetts Bay for $44,800.00 and give up the $50,000.00 provided by Metropolitan. Her actual recovery under Massachusetts Bay's policy would be something over $60,000.00 including the interest accumulated on the $44,800.00, so that in actuality she is selecting the policy with a higher value.