646 So.2d 1242 (1994)
Randall SCHWANKHART, et al.
v.
LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, et al.
No. 94-CA-0735.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1994.
Anthony J. Engolia, III, New Orleans, for plaintiff-appellant.
C. Gordon Johnson, Jr., Charles L. Chassaignac, IV, Porteous, Hainkel, Johnson & Sarpy, New Orleans, for defendant-appellee.
Before SCHOTT, C.J., and BARRY and BYRNES, JJ.
*1243 SCHOTT, Chief Judge.
Plaintiffs Ronald[1] and Judy Schwankhart, divorced parents of decedent, have appealed from the judgment of the trial court dismissing their suit against State Farm Mutual Automobile Insurance Company pursuant to the anti-stacking prohibition set forth in LSA-R.S. 22:1406 D(1)(c). The principal issue on appeal is whether the stacking prohibition precludes plaintiffs from recovering uninsured-underinsured (UM) benefits under Ronald Schwankhart's policy after having recovered maximum UM benefits under Judy Schwankhart's policy.
Randall Schwankhart, minor son of plaintiffs Ronald and Judy Schwankhart, died in June 1987 of injuries sustained in an auto accident. He was seventeen years of age. At the time of the accident, he was a guest passenger in his uncle's auto which collided with an auto driven by Edward Arthur. Arthur was uninsured. Decedent's uncle had a policy of liability insurance, but no UM insurance, with Old Hickory Casualty Insurance Company. Old Hickory settled with plaintiffs for the policy limits. Since plaintiffs' divorce prior to the accident, each had individually purchased separate insurance policies with State Farm, each policy providing UM insurance of $25,000 per person and $50,000 per accident. Prior to trial, plaintiffs were jointly paid the policy limits and jointly executed a release and settlement under Judy Schwankhart's policy. When State Farm refused to pay UM benefits under Ronald Schwankhart's policy due to the anti-stacking prohibitions set forth in R.S. 22:1406 D(1)(c), plaintiffs brought this suit. The trial court dismissed the suit without assigning reasons.
Ronald Schwankhart's policy provided for UM coverage as follows:
We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance, or use of an uninsured motor vehicle.
The policy provides coverage to a "relative" occupying a car not owned by the named insured and it defines a relative as a person related to the named insured by blood "who lives with you." In the divorce proceedings between the Schwankhardts custody of the minor decedent was awarded to the mother, Judy. In this court much of the argument was over the issue of whether the decedent qualified as a "relative" under Ronald Schwankhardt's policy. Because of our conclusion that the law does not provide for payment under the policy we need not address the "relative" issue.
R.S. 22:1406 D(1)(c) provides:
(i) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(1), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
(ii) With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, resident spouse, or resident relative, the following priorities of recovery under uninsured motorist coverage shall apply:
(aa) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(bb) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him.
The first paragraph of the statute provides the general rule that an insured with insurance available to him under more *1244 than one UM policy may not stack those policies. The second paragraph allows for an exception if: (1) the injured party is occupying an automobile not owned by him; (2) the UM coverage on the vehicle in which the injured party was an occupant is primary; and, (3) should that primary UM coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other UM coverage available to him. Nall v. State Farm Mutual Automobile Insurance Company, 406 So.2d 216, 218 (La. 1981). Where no primary coverage exists on the vehicle occupied by the injured party, the exception to the stacking prohibition does not apply, Senegal v. Faul, 598 So.2d 686, 689 (La.App. 3rd Cir.1992), writ denied 604 So.2d 965.
Plaintiffs argue that R.S. 22:1406 D(1)(c) only precludes the injured occupant from stacking UM coverage but does not limit or prohibit the "survivors" from claiming and stacking UM coverage as a result of their son's death. This argument is without merit. The statute's reference to "the insured" contemplates the person who suffers bodily injury or bodily injury resulting in death. Vincent v. State Farm Mut. Auto Ins. Co., 526 So.2d 818, 824 (La.App. 3rd Cir.1988), writ denied 532 So.2d 150 (La. 1988). In that case the court held that the parents were not entitled to recover the full amounts under their separate individual policies for the death of their son who was killed in an accident. Multiple persons recovering for a wrongful death should be restricted to the same total recovery which would have been available to the injured person if he had survived. Id.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] The caption of the case in this court erroneously identifies Randall Schwankhart as the father. It should read Ronald Schwankhart, et al.