| iGASKINS, J.
This suit arises from the death of 17-year-old Andrea Boullt, a guest passenger in a one-vehicle accident. Her divorced parents, Billy Boullt and Judy Boullt, appeal from a trial court judgment which denied their claims to recover under the uninsured/under-insured (UM) provisions of their separate insurance policies on the basis of the anti-stacking statute. For the reasons assigned below, we reverse the trial court judgment.
FACTS
The pleadings and stipulations in the record demonstrate that on November 6, 1993, Andrea Boullt suffered fatal injuries in a one-car accident caused by the driver’s fault. Andrea’s parents were divorced at the time of her death and maintained separate households.[1] For insurance coverage purposes, Andrea was a resident of each of the separate households at the time of her death. The car in which she was a passenger when fatally injured was not owned by her or either parent. Andrea’s parents settled with the insurer of the host vehicle for the $100,-000 liability limits of its policy. Each parent had a separate policy with State Farm Mutual Automobile Insurance Company, each policy providing UM coverage of $50,000.
The present suit was brought by the parents against State Farm, their common UM carrier, for damages for Andrea’s wrongful death. State Farm had paid the limits on the father’s policy; however, on the basis of the anti-stacking statute, it refused to pay any amount under the mother’s policy.
The matter was submitted to the trial court on joint stipulations. In addition to the *1065 previously recited facts, the parties further stipulated that the parents’ remaining claims arising from Andrea’s death exceeded the combined coverage 12amounts of the primary insurance coverage on the host vehicle and the UM limits of the two State Farm policies.
In a minute entry and order, the trial court dismissed the parents’ claims against State Farm. In so ruling, the court specifically relied upon Schwankhart v. Louisiana Department of Transportation and Development, 94-0735 (La.App. 4th Cir.11/30/94), 646 So.2d 1242.
The parents appeal.
STACKING

Anti-Stacking Statute

In pertinent part, La. R.S. 22:1406(D)(l)(c)(i) provides:
D. The following provisions shall govern the issuance of uninsured motorist coverage in this state:
[[Image here]]
[l](e)(i) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(l), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
(ii) With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, resident spouse, or resident relative, the following priorities of recovery under uninsured motorist coverage shall apply:
(aa) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;[2]
(bb) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. I3L1 no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant. [Emphasis added.]
The anti-stacking statute prohibits an injured person from “stacking” UM coverage. However, an insured injured in a non-owned vehicle may use his own UM policy as excess to the primary coverage on the non-owned vehicle. It is mandated that only one UM policy is available as excess above the primary coverage. Hubbard v. Milner, 408 So.2d 1004 (La.App. 2d Cir.1981).

Discussion

The plaintiffs contend that they are not attempting to “stack” UM coverage. Instead, they assert, each parent is entitled to recover under his or her separate UM policy for his or her individual wrongful death damages for the death of the child, Andrea. We agree.
According to the plaintiffs, their settlement with the liability insurer of the host vehicle resolved all of the claims arising from Andrea’s survival action under La. C.C. art. 2315.1. Thus, the only damages at issue in the present case are her parents’ wrongful death claims under La. C.C. art. 2315.2; each parent separately has a right to recover damages for his or her individual loss resulting from the child’s death. The gist of their argument rests upon the recognition in Louisiana law that survival actions and wrongful death actions are separate and distinct causes of action. Guidry v. Theriot, 377 So.2d 319 (La.1979).
Admittedly, had Andrea lived, as an “insured” under the anti-stacking statute, she would have been restricted to recovering for the injuries she sustained in the accident under only one of her parents’ UM policies. Arguably, the same might be true of claims arising from the survival action, which were *1066 based upon the injuries Andrea herself sustained in the accident. However, the wrongful death ^claims asserted by the plaintiffs here are for their own injuries which were sustained by them personally for the loss of a child. If each parent is considered as the “insured” under the anti-stacking statute, allowing them to recover under their own individual UM policies does no violence to the statute or its underlying premise.
We are aware that other courts have been presented with similar issues and have ruled otherwise. See and compare Salter v. State Farm Mutual Automobile Insurance Company, 520 So.2d 877 (La.App. 3d Cir.1987); Vincent v. State Farm Mutual Auto. Ins. Co., 526 So.2d 818 (La.App. 3d Cir.1988), writ denied, 532 So.2d 150 (La.1988); Sheppard v. State Farm Insurance Company, 614 So.2d 208 (La.App. 3d Cir.1993); and Schwankhart, supra. However, to the extent that these cases would deprive divorced parents — like the plaintiffs — from each recovering under their own individual UM policies for their wrongful death damages, we disagree and decline to follow them.[3]
CONCLUSION
The trial court judgment in favor of State Farm Mutual Automobile Insurance Company is reversed. Judgment in favor of the plaintiffs, Billy Boullt and Judy Boullt, is hereby rendered. Costs are assessed against State Farm.
REVERSED.

. The custody award is characterized by the plaintiffs and State Farm as joint custody.

. As the liability- — not the UM — portion of the policy of the host vehicle was applicable and paid out, this case does not involve an exception to the anti-stacking statute.

. We also note that both the Vincent and the Schwankhart cases relied upon the following language in § 123 of the 1986 first edition of the McKenzie & Johnson Louisiana Civil Law Treatise on Insurance: "[M]ultiple persons recovering for a wrongful death should be restricted to the same total recovery which would have been available to the injured person if he had survived." However, as pointed out by the plaintiffs, the 1996 second edition of this treatise no longer contains the quoted language.