722 So.2d 102 (1998)
Daniel STOUTE and Della Faulk Stoute, Plaintiffs-Appellants,
v.
Raymond N. LONG, Defendant-Appellant,
Acceptance Insurance Company, Defendant-Appellee.
No. 98-683.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1998.
*103 Ellis J. Daigle, Esq., Eunice, for Daniel Stoute.
Cary Brian Bryson, Esq., Greg R. Mier, Esq., Lafayette, for Raymond N. Long.
Stephen Nolan Elliott, Esq., Ann M. Sico, Metairie, for Acceptance Ins. Co.
Thomas Keith Regan, Esq., Crowley, for City of Crowley.
Before THIBODEAUX, DECUIR and GREMILLION, Judges.
THIBODEAUX, Judge.
This appeal concerns a breach of contract suit arising out of a demolition contract between *104 Daniel Stoute and Raymond N. Long. In accordance with the terms of the contract, Long purchased liability insurance from Acceptance Insurance Company (hereinafter "Acceptance"). Long discontinued the demolition project upon discovery of asbestos materials contained in one of the buildings to be demolished. Subsequently, Stoute filed suit against Long and Acceptance seeking damages allegedly caused by Long's failure to complete the project. The trial judge granted Acceptance's motion for summary judgment, dismissing Acceptance from the suit on the ground that the insurance policy purchased by Long did not provide coverage for the alleged damages. Long and Stoute appeal this judgment. We conclude that Acceptance has failed to satisfy its initial burden of showing that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. Thus, we reverse the judgment of the trial court granting summary judgment in favor of Acceptance and remand this case for further proceedings.

I.

ISSUE
We shall consider whether the trial judge erred in granting Acceptance's motion for summary judgment dismissing Acceptance from the suit on the ground that the policy issued by Acceptance to Long does not cover the alleged damages.

II.

FACTS
On February 17, 1994, Raymond N. Long entered into a contract with Daniel Stoute to demolish certain buildings owned by Stoute in exchange for salvageable material contained in the buildings. The contract required that Long obtain $1 million worth of liability insurance. Accordingly, Long purchased a commercial general liability policy from Acceptance Insurance Company with a coverage period from February 18, 1994 to February 18, 1995.
On February 20, 1994, Long began demolishing the buildings. During the course of the project, Long encountered hazardous asbestos materials inside one of the buildings. Long alleges that prior to this time, he was unaware of the existence of asbestos in the building, and his contract did not provide for the removal of asbestos materials. Long discontinued the demolition project and requested that Stoute hire a specialized contractor to remove the asbestos. Instead, Stoute filed suit against Long and his insurer, Acceptance, for damages allegedly caused by Long's failure to complete the demolition project.
In response to the suit filed by Stoute, Acceptance filed a motion for summary judgment alleging that the policy issued by Acceptance did not provide coverage for the alleged damages. To support its motion, Acceptance filed a memorandum in which it simply listed the exclusions contained in the policy it issued to Long. By minute entry and without providing oral or written reasons for his judgment, the trial judge granted Acceptance's motion, dismissing Acceptance from the suit with prejudice. The trial judge did not specify which exclusions were applicable. Long and Stoute appeal this judgment.

III.

LAW AND DISCUSSION

Standard of Review
As a general principle, appellate courts review summary judgments de novo, under the same criteria which governs the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Sup'rs of Louisiana State Univ., 591 So.2d 342 (La.1991). A motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).
The burden of production remains with the mover to show that no material issues of fact exist. La.Code Civ.P. art. 966(C). The mover must present supportive evidence that the motion for summary judgment *105 should be granted. Landry v. Fincke, 98-90 (La.App. 3 Cir. 5/20/98); 714 So.2d 826. Once the mover has made a prima facie showing that the motion for summary judgment should be granted, the burden of production shifts to the nonmoving party to present evidence demonstrating the existence of issues of material fact which preclude summary judgment. Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96); 685 So.2d 691, writ denied, 97-0281 (La.3/14/97); 690 So.2d 41.

Whether Acceptance is Entitled to Summary Judgment
In this case, the initial burden of proving entitlement to summary judgment was with Acceptance. In its motion for summary judgment to the trial court, Acceptance asserted that the policy it issued to Long contains several exclusions which deny coverage. To support this motion, Acceptance filed a memorandum that simply listed the exclusions contained in the policy and concluded that the policy did not provide coverage for the alleged damages suffered by Stoute. Acceptance did not provide an argument stating the factual basis for the application of the exclusions. Moreover, Acceptance filed "Uncontested Material Facts," stating that Stoute and Long entered into a demolition contract, the demolition work ceased because of the presence of asbestos in one of the buildings, and that Acceptance issued a commercial general liability policy to Long which contained certain exclusions. However, there is no indication that the parties stipulated to these facts.
The first exclusion relied upon by Acceptance provides:
2. Exclusions.
This insurance does not apply to:
j. "Property damage" to:
* * * * * *
(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations[.]
The memorandum that Acceptance filed to the trial court in support of its motion for summary judgment did not contain an argument stating the factual basis for the application of this exclusion. Acceptance did not present any evidence demonstrating that the damages arose out of Long's operations. In his memorandum in opposition to Acceptance's motion for summary judgment, Long argued that this exclusion was inapplicable because the alleged damages did not arise out of his operations; rather, they arose after he ceased his operations. Long referred to Stoute's petition for damages, which alleges that Stoute suffered damages as a result of Long's breach of contract. Thus, there is a genuine issue of material fact as to whether the alleged damages arose out of Long's operations or from Long's breach of contract.
The second exclusion relied upon by Acceptance is commonly referred to as the "work-product" exclusion. It provides:
2. Exclusions.
This insurance does not apply to:
1. "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."
Acceptance's policy defines "products-completed operations hazard" as follows:
11.a. "Products-completed operations hazard" includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
(2) Work that has not yet been completed or abandoned.
Thus, "products-completed operations hazard" includes property damage arising out of the insured's work, except work that has not yet been completed or abandoned. Notably, Acceptance admitted in its "Uncontested Material Facts" that "demolition work on the buildings ceased." This admission suggests that the "work product" exclusion does not apply as "products-completed operations hazard" does not include work that has not yet been completed. Clearly, Acceptance has failed to make a prima facie showing that this exclusion applies as a matter of law.
*106 The third exclusion relied upon by Acceptance is often referred to as the "failure to perform" exclusion. It provides:
2. Exclusions.
This insurance does not apply to:
m. "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
Again, in its supporting memorandum to the trial court, Acceptance failed to provide a factual basis stating the application of this exclusion. In brief to this court, Acceptance simply asserts that the exclusion applies because "Long failed to perform the contract in accordance with its terms." However, Acceptance fails to provide any facts to support this contention. In contrast, Long alleges that neither he nor Stoute was aware that one of the buildings contained asbestos. He contends that his delay in completing the demolition work was not a "delay ... to perform a contract in accordance with its terms" because the terms of the contract did not provide for the removal of asbestos. Thus, Long argues that the "failure to perform" exclusion does not apply. We find that Acceptance has failed to satisfy its initial burden of showing that no genuine issue of material fact exists regarding the applicability of the "failure to perform" exclusion.
The fourth exclusion relied upon by Acceptance is often referred to as the "sistership" exclusion. It provides:
2. Exclusions.
This insurance does not apply to:
n. Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:
* * * * * *
(2) "Your work;"
if such ... work ... is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.
The "sistership" exclusion requires that the insured's work be withdrawn or recalled because of a known or suspected defect or dangerous condition in the insured's work. In its supporting memorandum to the trial court, Acceptance merely cited this exclusion; it did not present any argument as to its applicability. In contrast, Long argues that the demolition work ceased due to the presence of asbestos in one of the buildings to be demolished, not because of a defect in his work. We find that Acceptance has failed to present supportive evidence that there are no genuine issues of material fact regarding the applicability of the "sistership" exclusion, and thus it has not satisfied its initial burden of proving its entitlement to summary judgment based upon this exclusion.
The final exclusion relied upon by Acceptance is the asbestos exclusion. It provides in pertinent part:
This policy does not apply to any "Personal Injury," "Bodily Injury," or "Property Damage" arising out of or resulting from Asbestos.
With regard to this exclusion, Acceptance simply concludes that the alleged damages "arise directly as a result of the presence of asbestos within one of the buildings." However, Long contends that the asbestos is not the cause of the alleged damages. In support of this argument, he cites Stoute's petition for damages, which does not make a single reference to damages resulting from asbestos contamination. Rather, Long argues that Stoute's alleged damages resulted from a breach of contract when Long ceased operations on the demolition project. We find that there exists a genuine issue of material fact as to whether asbestos is the cause of Stoute's alleged damages.
Upon our review of the record, we find that Acceptance has failed to satisfy its initial burden of establishing its entitlement to summary judgment. Acceptance failed to present supportive evidence that its motion for summary judgment should be granted. Moreover, it cannot be determined whether the exclusions contained in the insurance policy apply due to the existence of genuine *107 issues of material fact. We note that the interpretation of an insurance policy is a question of law, and that an appellate court has authority to construe the provisions of a policy in order to resolve questions of coverage. Domingue v. Reliance Ins. Co., 619 So.2d 1220 (La.App. 3 Cir.1993). However, because there are factual disputes in this case, we decline to do so. We find it is necessary to remand the matter for a full trial as the facts are not yet sufficiently developed to determine whether the exclusions contained in the policy apply.

IV.

CONCLUSION
Based on the foregoing reasons, we reverse the judgment of the trial court granting summary judgment in favor of Acceptance and remand the matter for further proceedings. All costs of this appeal shall be paid by Acceptance.
REVERSED AND REMANDED.