STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

07-415


WILLIAM AND BRENDA GRAY

VERSUS

AMERICAN NATIONAL PROPERTY
& CASUALTY COMPANIES, ET AL.


**********
APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2004-0302-A
HONORABLE STUART S. KAY, JR., DISTRICT JUDGE
**********

**GLENN B. GREMILLION**
**JUDGE**

**********

Court composed of Jimmie C. Peters, Glenn B. Gremillion, and J. David Painter, Judges.


                                                    **AFFIRMED.**


**David O. Walker**
**Neblett, Beard & Arceneaux**
**P. O. Box 1190**
**Alexandria, LA 71309-1190**
**(318) 487-9874**
**Counsel for Plaintiffs/Appellants:**
        **William and Brenda Gray**

**Charles A. Sam Jones, III**
**P.O. Box 995**
**DeRidder, La 70634**
**(337) 463-5532**
**Counsel for Plaintiffs/Appellants:**
        **William and Brenda Gray**

**H. Bradford Calvit**
**Provosty, Sadler, deLaunay, Fiorenza, Sobel, APC**
**P. O. Drawer 1791**
**Alexandria, LA 71309-1791**
**(318) 445-3631**
**Counsel for Defendant/Appellee:**
    **American National Property &Casualty Companies**
    **Greg Nothnagel**

**Brian S. Lestage**
**Hall, Lestage, Landrenaeu**
**P. O. Box 880**
**DeRidder, LA 70634-0880**
**(337) 463-8692**
**Counsel for Defendant/Appellee:**
    **Beauregard Parish School Board**

**H. David Vaughan, II**
**Plauche, Smith, & Nieset**
**P. O. Drawer 1705**
**Lake Charles, LA 70602**
**(337) 436-0522**
**Counsel for Defendant/Appellee:**
    **Louisiana Farm Bureau Mutual Ins.Co.**

**Brent N. Carriere**
**Allen & Gooch**
**P. O. Box 3768**
**Lafayette, LA 70502-3768**
**(337) 291-1470**
**Counsel for Defendant/Appellee:**
    **Coregis Ins. Co.**

GREMILLION, Judge.

The plaintiffs, William and Brenda Gray, appeal the judgment of the trial court granting summary judgment in favor of the defendant, Louisiana Farm Bureau Casualty Insurance Company. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

William was injured in a motor vehicle accident in which an under-insured minor ran a stop sign and struck the school bus he was driving. Gray claims that his Farm Bureau policy provides UM coverage in connection with the school bus. Farm Bureau filed a motion for summary judgment asserting the "regular use" exclusion. The trial court found that the Farm Bureau policy did not provide UM coverage to Gray and granted summary judgment in favor of Farm Bureau. Gray now appeals and assigns as error the trial court's finding that the school board owned bus was furnished to him for his "regular use," and dismissing Farm Bureau pursuant to the "regular use" exclusion in the policy.

## SUMMARY JUDGMENT

The law pertaining to summary judgment was discussed by the Louisiana Supreme Court in its per curium opinion in *Hines v. Garrett*, 04-0806, pp. 1-2 (La. 6/25/04), 876 So.2d 764, 765-66 (alteration in original):

> We review a district court's grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Summary judgment is warranted only if "there is no genuine issue as to material fact and [ ] the mover is entitled to judgment as a matter of law." La.Code Civ.Proc. art. 966(C)(1). In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor.

1

A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730,751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Id.*

Whether a fact is material is determined in light of the relevant substantive law. *Weingartner v. La. IceGators*, 02-1181 (La.App. 3 Cir. 4/17/03), 854 So.2d 898, *writ denied*, 03-1388 (La. 9/19/03), 853 So.2d 645. Interpretation of an insurance policy is a question of law, and we have authority to construe the provisions of the policy in order to resolve questions of coverage. *Stoute v. Long*, 98-683 (La.App. 3 Cir. 12/9/98), 722 So.2d 102.

"Words susceptible of different meanings must be interpreted as having the meaning that best conforms to the object of the contract." La.Civ.Code art. 2048. "Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." La.Civ.Code art. 2050. "A contract executed in a standard form of one party must be interpreted, in case of doubt, in favor of the other party." La.Civ.Code art. 2056. If an exclusionary clause is deemed ambiguous, an insurance policy must be liberally construed in favor of coverage; provisions susceptible of different meanings must be interpreted to render coverage effective rather than ineffective. La.Civ.Code art. 2049; *see Capital Bank & Trust Co. v. Equitable Life Assurance Soc'y,* 542 So.2d 494 (La.1989). If more than one reasonable view of the exclusion provision exists,

"any ambiguity must be construed against the insurance company and in favor of the reasonable construction that affords coverage." *RPM Pizza, Inc. v. Auto. Cas. Ins. Co.*, 601 So.2d 1366, 1369 (La.1992).

The only issue in this case is whether the school board provided Gray with the school bus for "regular use." The trial court found that the school bus was available to Gray for regular use. We agree.

## THE POLICY

The Farm Bureau policy was issued to William and Brenda Gray and provided insurance coverage for a 1985 Dodge pickup. It did provide UM coverage with the following exclusion:

This policy does not apply under Coverage U:

. . . .

(b) to any automobile or trailer owned by or furnished for the regular use of the named insured or a resident of the household and not described on the declarations.

There was no dispute that Gray was in the course and scope of his employment at the time of the accident and was operating a school bus owned by the Beauregard Parish School Board. Gray had made his final pickup and was traveling to the school at the time of the accident. He drove the bus home everyday and kept the keys in his possession at all times. The bus was parked in his garage and had been in his possession for approximately six months at the time of the accident. Gray operated the school bus about six hours per day, Monday through Friday. He further stated that the bus was not allowed for any personal use and that he turned the bus in during holidays for maintenance and during the summer.

3

Gray argues that the bus was for limited use, i.e., to transport students, after which the bus was parked. He urges this use was limited, not regular, and that the regular use exclusion should not apply to exclude coverage. Farm Bureau points out that regular use is not the same as full-time use. We agree with the trial court that there is no genuine issue of material fact that the school bus was provided for Gray's regular use.

Gray urges that the issue of regularity hinges upon the "regularity with which the school bus was *available*," and that because the school bus was not regularly, or constantly available to Gray, in that it was only to be used to transport students back and forth to school, the regular use exclusion should not apply.

We disagree. Clearly, the school bus was provided for his regular use on a daily basis. The fact that the bus was not to be used for personal matters does not negate the fact that it was regularly used by Gray in his job as a school bus driver. We agree with the reasoning provided by the first circuit in *Davenport v. Prudential Prop. & Cas. Ins. Co.*, 03-2593, pp. 4-5 (La.App. 1 Cir. 10/29/04), 897 So.2d 98, 101 (citing *Romano v. Girlinghouse*, 385 So.2d 352, 355 (La. App. 1 Cir. 1980)), in which the court stated:

> The purpose of the regular use exclusion is to protect an insurance company against double coverage when a premium has been paid on only one vehicle. If the insured has access to a second vehicle furnished for his regular use, the insurance company can rightfully require that a premium be paid for the insured's use of the second vehicle.

Thus, while it may have been appropriate to find UM coverage for Gray had he been driving the school bus pursuant to an isolated request by his employer, it is not appropriate here because the school bus was used regularly by him. Accordingly, the

4

Farm Bureau policy does not provide insurance to him under the UM portion of the policy pursuant to the regular use exclusion. The judgment of the trial court is affirmed in favor of the defendant-appellee, Louisiana Farm Bureau Casualty Insurance Company. All costs of this appeal are assessed against the plaintiffs-appellants, William and Brenda Gray.

**AFFIRMED.**