# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1064

STEVEN THIBODEAUX, ET AL.

VERSUS

LIVING WATERS COMMUNITY CHURCH, ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2005-3871
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE

**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**


Keith L. Richardson
Guglielmo, Marks, Schutte,
 Terhoeve & Love
320 Somerulos Street
Baton Rouge, LA 70802
(225) 387-6966
Counsel for Defendants/Appellants:
    Living Waters Community Church
    Guideone Mutual Insurance Company

Christopher C. McCall
Baggett, McCall, Burgess, Watson & Gaughan
P.O. Drawer 7820
Lake Charles, LA 70602
(337) 478-8888
Counsel for Plaintiffs/Appellees:
    Steven Thibodeaux
    Barbara Thibodeaux

**DECUIR, Judge.**

Defendants appeal a judgment of the trial court finding them liable for the fault of an unnamed third party defendant. For the reasons that follow, we affirm.

## FACTS

On October 2, 2004, Stephen Thibodeaux and Lionel Fontenot were hanging crown molding in the new church building of Living Waters Community Church (Living Waters) in Sulphur, Louisiana. Thibodeaux and Fontenot were both members of Living Waters and had volunteered to assist with the project.

Thibodeaux and Fonentot completed hanging all the molding they could reach from one level of scaffolding and took a break while another level was added. When they returned they both proceeded to climb the scaffold. As they climbed the scaffold tipped over causing Thibodeaux and Fontenot to fall. Fontenot landed on another volunteer and was not injured. Thibodeaux was not so fortunate and sustained serious injuries.

Subsequently, Thibodeaux filed suit against Living Waters, and its insurer, Guideone Mutual Insurance Company (Guideone). Fontenot was not named as a defendant. After trial on the merits, the jury concluded that Thibodeaux, Fontenot and Living Waters were each one-third at fault in causing Thibodeaux's injuries. The trial court found that Living Waters was responsible for the fault of Fontenot. Living Waters and Guideone lodged this appeal.

## DISCUSSION

The sole issue on appeal is whether the trial court erred in finding Living Waters responsible for Fontenot's fault. Relying on *Billiot v. Terrebonne Parish Sheriff's Office,* 98-0246 (La.App. 1 Cir. 2/19/99) 735 So.2d 17, *writ denied*, 99-1376 (La. 7/2/99), 747 So.2d 22, Living Waters argues that the trial court erred in deciding

the coverage issue as matter of law. In *Billiot,* the court found that the issue of whether a policy of insurance provides coverage is a purely legal question only in the context of motions for summary judgment and not where a factual finding is necessary in order to reach the coverage issue.

As a threshold matter, we note that *Billiot* has only persuasive potential rather than precedential value as we are not obliged to follow jurisprudence of other appellate circuits. *Supreme Services and Specialty Co., Inc. v. Sonny Greer, Inc.* 04-1400 (La.App. 3 Cir. 5/3/06), 930 So.2d 1077, *reversed on other grounds*, 06-1827 (La. 5/22/07), 958 So.2d. 634. While we agree that coverage is a purely legal question only where a factual finding is not necessary in order to reach the issue, we decline to limit the application of the principle to the context of summary judgment. In cases where the relevant facts regarding coverage issues are not disputed, the question of coverage can remain purely a legal question even though the issue was not raised in the context of summary judgement.

In the present case, we can ascertain from the record that it was undisputed that Lionel Fontenot was a member of Living Waters and was working on behalf of Living Waters at the time of the accident doing what they had requested be done. Under these circumstances, we need only determine whether the policy language provides coverage.

Interpretation of an insurance policy is a question of law, and we have authority to construe the provisions of the policy in order to resolve questions of coverage. *Stoute v. Long*, 98-683 (La.App. 3 Cir. 12/9/98), 722 So.2d 102. Our review of the policy reveals that Living Waters is the named insured and that the following are also insureds:

2

Any of your members, but only with respect to their liability for your activities or activities they perform on your behalf, at your direction and within the scope of their duties.

. . . .

Any person(s) who are volunteer worker(s) for you, but only while acting at your direction and within the scope of their duties.

Applying the plain language of the policy, we find that Fontenot meets either of these definitions of an insured.

Guideone argues that as a volunteer Fontenot would be excluded from coverage because injuries to a co-volunteer are excluded. We disagree. The actual language of the exclusion provides that bodily injury to a "co-volunteer of your 'employee'" is excluded. This phrasing is somewhat unclear in its meaning but appears to apply to injuries between a volunteer and an employee. In *Tally v. Blue Cross Blue Shield of Louisiana*, 99-1974 (La.App. 3 Cir. 5/3/00), 760 So.2d 1193, 1196, *writ denied*, 00-1561 (La. 8/31/00), 766 So.2d 1278, this court said:

The law mandates that an exclusion be definable with a reasonable degree of certainty, and that the terms of the exclusion must be such that it is clear who is insured and what is excluded. Furthermore, it is the duty of the insurer to clearly express its limitations. Any doubts as to coverage must be construed against the drafter of the policy and in favor of coverage.

We find that Fontenot is an insured under the policy both as a member and a volunteer. Moreover, we find that the exclusion as written does not apply to the facts of this case.

Guideone also argues that it cannot be liable for the fault of Fontenot because the petition did not allege vicarious liablity, and Fontenot was not a named defendant. We disagree.

3

Our review of the petition reveals that Thibodeaux alleged fault on the part of Living Waters, its agents, servants, and employees. Moreover, evidence regarding Fontenot's relationship and responsibilities to Living Waters was introduced at trial. In *Hopkins v. American Cyanamid Co.,* 95-1088 (La. 1/16/96), 666 So.2d 615, 624, the Court held that:

> Unobjected to evidence of issues not contained in the pleadings, which is admitted at trial, serves to enlarge the pleadings. Such evidence is "treated in all respects as if [it] had been raised by the pleading[s]." La.Code Civ.P. art. 1154; *See also, First National Bank of Abbeville v. Greene*, 612 So.2d 759 (La.App. 3d Cir.1992) and *Herrell v. Herrell*, 594 So.2d 943 (La.App. 3d Cir.1992)

Living Waters did not make any contemporaneous objection to the admission of evidence supporting these claims. To the contrary, it was at the insistence of Living Waters that the fault of Fontenot was placed at issue.

As noted above, Fontenot was an insured under the policy both as a member and as a volunteer. In addition, in *Avery v. Commercial Union, Ins. Co.,* 621 So. 2d 184 (La.App. 3 Cir. 1993), this court addressed the issue of vicarious liability for the actions of a volunteer who was not a named defendant. For the reasons, assigned therein, we find the trial court properly found Living Waters responsible for the fault of Fontenot.

## DECREE

For the foregoing reasons, the judgment is affirmed. All costs of the proceedings are taxed to Guideone Mutual Insurance Company.

**AFFIRMED.**